**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffery Scott Davis,<br><br>                Petitioner,<br><br>v.<br><br>David C. Shinn, et al.,<br><br>                Respondents. | No. CV-20-00517-TUC-RCC<br><br>**ORDER** |

On September 6, 2022, Magistrate Judge D. Thomas Ferarro issued a Report and Recommendation ("R&R") in which he recommended the Court dismiss Petitioner Jeffery Scott Davis's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1) as untimely. (Doc. 19.) Petitioner filed an objection to the R&R (Doc. 22), and Respondents a response (Doc. 24). Upon review, the Court will adopt the R&R and dismiss Petitioner's § 2254 Habeas Petition.

**I.  STANDARD OF REVIEW**

The standard the district court uses when reviewing a magistrate judge's R&R is dependent upon whether a party objects: where there is no objection to a magistrate's factual or legal determinations, the district court need not review the decision "under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, when a party objects, the district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected

to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Moreover, "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

A petitioner's objections to an R&R must specifically indicate the findings and recommendations for which he disagrees. Fed. R. Civ. P. 72(b). In addition, the court need not review arguments raised for the first time in an objection to the R&R. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000).

There being no objection to the procedural summary of the case, the Court adopts the Magistrate Judge's recitation of the procedural facts, and only summarizes them as necessary to address Petitioner's objections.

## II. Timeliness

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner may file a writ of habeas corpus in federal court one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 8 U.S.C. § 2244(d)(1). "The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." *Id.* § 2244(d)(2) (emphasis added). When a state court denies a "petitioner's PCR[] petition as **untimely**, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (emphasis in original).

Petitioner challenges the Magistrate Judge's conclusion that the § 2254

habeas petition is untimely. (Doc. 22 at 2.)

On December 30, 2010, Petitioner plead no contest to one count of sexual conduct with a minor and one count of attempted molestation of a child. (Doc. 15-1 at 11–12.) The trial court sentenced Petitioner on February 11, 2011. (*Id.* at 68–69.) He had ninety days from that date—until May 12, 2011—to file a notice for Post-Conviction Relief ("PCR") and failed to do so.[1] *See* Ariz. R. Crim. P. 32.4(b)(3) (In Arizona, when challenging the constitutionality of a sentence, "a defendant must file [his PCR notice] within 90 days after the oral pronouncement of sentence or within 30 days after the issuance of the mandate on direct appeal . . . .")). Thus, the statute of limitations started running the following day—May 13, 2011—and the one-year AEDPA limitation for filing a federal habeas petition expired on May 13, 2012. Petitioner's untimely PCR petitions did not toll the statute of limitations.[2] *See Pace*, 544 U.S. at 417; *Cross v. Sisto*, 676 F.3d 1172, 1176 (9th Cir. 2012).

A federal court may still review a fedearl habeas petition filed more than one year after the expiration of state review if equitable tolling applies. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). However, Petitioner made no argument for equitable tolling before the Magistrate Judge. (*See* Doc. 1 at 13–14; *see Howell*, 231 F.3d at 621 (determining the district court need not review arguments that were not before the magistrate).) Therefore, Petitioner's §2254 habeas, filed November 23, 2020, is untimely.

///

///

///

---

[1] Petitioner's first untimely PCR petition was filed September 2012. *State v. Davis*, 2 CA-CR 2013-0131-PR, 2013 WL 3961199 (Ariz. App. July 31, 2013).
[2] *See State v. Davis*, 2 CA-CR 2019-0239-PR, 2020 WL 1490882, at *1 (Ariz. App. Mar. 27, 2020) (recounting procedural history of post-conviction appeals).

### III. ACTUAL INNOCENCE

Petitioner next argues that his untimeliness should be excused because he is actually innocent of the offenses. (Doc. 22 at 5–15.)

Even if time barred, a federal court may review the merits of a habeas petition if the petitioner can demonstrate he is actually innocent of the conviction. *Lee v. Lampert*, 653 F.3d 929, 934 (9th Cir. 2011). However, "tenable actual innocence gateway pleas are rare." *McQuiggin v. Perkins*, 569 U.S. 383, 385 (2013). A petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). To do so, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Lee*, 653 F.3d 929, 938 (9th Cir. 2011) (quoting *Schlup*, 513 U.S. at 324). The evidence supporting actual innocence cannot be "merely cumulative or speculative" or "insufficient to overcome otherwise convincing proof of guilt." *Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013).

#### a. Magistrate's R&R

The Magistrate Judge separated Petitioner's new evidence of actual innocence into three categories: (1) evidence undermining Petitioner's confession, (2) evidence undermining the victim's statement, and (3) evidence undermining the handwriting contained in the victim's journal. (Doc. 19 at 7.)

First, the Magistrate noted Petitioner's affidavit and his mother's affidavit were biased, contradictory, and not credible. (*Id.* at 8; *see also* Doc. 15-1 at 159 (state court finding that "Mr. Davis' testimony lacks credibility").) Moreover, the Magistrate Judge determined Petitioner's new evidence did not demonstrate his innocence of the instant offenses and contained references to irrelevant incidents or

mitigating factors such as his own childhood abuse, his sleep deprivation during his confession, and his positive relationship with his other children. (Doc. 19 at 7.) Moreover, the Magistrate pointed out there was no reason Petitioner could not have raised these issues in a timely PCR petition. (*Id.* at 8.) Therefore, the Magistrate stated, Petitioner "has not undercut the credibility of his confession with reliable evidence." (*Id.* at 8.)

Second, the Magistrate noted Petitioner had attempted to weaken the victim's statement by alleging (1) the investigation was leading, (2) the alleged act occurred at a different time, and (3) the victim's and the victim's mother's statements were inconsistent. (*Id.* at 9.) But, the Magistrate Judge indicated, even if the investigation was leading, investigators eased up their questioning when the victim did not remember answers, and the victim clarified, initiated, and described many different allegations. (*Id.*) Again, the Magistrate reiterated that Petitioner's and his mom's affidavits were not reliable because they were biased. (*Id.*) The Magistrate concluded the victim's inability to pinpoint a specific date of the alleged molestation and her feeling that the molestation seemed like a dream did not sufficiently undermine her testimony to find that Petitioner had presented "new reliable evidence such that it is likely every reasonable juror would vote to reject [the victim's] accusation and acquit" Petitioner. (*Id.*)

Finally, the Magistrate Judge addressed Petitioner's argument that the victim's journal was a forgery. (*Id.* at 10.) The Magistrate noted that Petitioner pointed out handwriting similarities shared between the writing in the journal and the victim's mother but did not show *dissimilarity* with the victim's handwriting. (*Id.*) In addition, the Magistrate found this allegation did not "show that it is likely that no juror would have voted to convict him based on the previously discussed evidence." (*Id.*)

///

### b. *Petitioner's Objections*

Petitioner filed a twenty-eight-page objection to the R&R. (Doc. 22.) He claims that his untimely filing was reasonable "when one considers all the obst[a]cles that he had to overcome." (*Id.* at 2.) These obstacles included that his counsel did not inform him of his ability to prove his innocence or of the legal basis for an actual innocence claim and that he was unable to obtain his case file in a timely manner. (*Id.*) He also argues the Magistrate erroneously determined he had not met his burden of showing actual innocence. (*Id.*)

Petitioner's pro se status and lack of legal acumen does not excuse his untimely filing. Pro se litigants in state and federal courts must follow the rules of procedure for litigating their claims in a timely manner. *See Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009) ("[A] pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling.") (citing *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006)); *see also Flynn v. Campbell*, 402 P.3d 434, 441 (Ariz. 2017) (for pleading purposes, the courts "hold unrepresented litigants in Arizona to the same standards as attorneys") (citing *Smith v. Rabb*, 386 P.2d 649, 652 (Ariz. 1963)).

In addition, Petitioner could have submitted his and his family's affidavits previously and his inability to obtain his case file did not prevent him from filing a timely PCR petition with his evidence of actual innocence.

Moreover, Petitioner's argument does not undermine the Magistrate's finding that the affidavits are biased and do not provide reliable evidence of innocence. If the Court were forced to credit every assertion of innocence by a defendant and his family, few convictions would stand. The Court agrees with the Magistrate Judge that these affidavits are not trustworthy eye-witness accounts. *See Jones v. Taylor*, 763 F.3d 1242, 1249 (9th Cir. 2014) (indicating family "recantations . . . reduce[] their weight and reliability") (citing *House v. Bell*, 547 U.S. 518 (2006)); *see also*

*Garcia v. Evans*, 670 F. App'x 622, 623 (9th Cir. 2016) ("Declarations are not a strong form of evidence because 'the affiants' statements are obtained without the benefit of cross-examination and an opportunity to make credibility determinations.").

Petitioner next argues the Magistrate Judge erroneously concluded that the victim's interview was credible despite various contradictions in her testimony and investigators' leading questions. (Doc. 22 at 8–9.) The Court has conducted a *de novo* review of the interview. The victim stated that Petitioner's sexual abuse occurred over a long period—between the ages of seven and seventeen, sometimes as frequently as twice a week. (Doc. 8-15 at 2; Doc. 8-18 at 9; Doc. 15-1 at 17–18, 21, 33, 38, 40–41, 43–45, 49, 53–57.) Understandably, the victim indicated she tried to block out the incidents from her mind. (Doc. 8-18 at 8.) Thus, her inability to define specific dates of abuse does not necessarily undermine her testimony nor does it provide reliable, new evidence of innocence. And, as stated previously, Petitioner's affidavit and his mother's affidavit are not particularly credible. Therefore, Petitioner's evidence does not compel the Court to find no reasonable juror would have found Petitioner guilty.

Petitioner next asserts that the victim's journal "conveniently materialized 17 months after the false accusations." (Doc. 22 at 12–13.) He believes the victim's mom wrote it, not the victim. (*Id.*) He claims the mother (1) fabricated the journal to punish Petitioner, (2) provided inconsistent statements, (3) influenced David Burkett's testimony; and (4) manipulated her role as the victim's legal representative to "get rid of Davis." (*Id.* at 12–14.) Petitioner claims his failure to compare the victim's handwriting to that in the journal does not undermine these allegations. (*Id.* at 13.)

Petitioner's barren allegations concerning the victim's mother's motives do not provide new reliable evidence of his innocence. Moreover, while the alleged

- 7 -

similarity between the victim's mother's handwriting and that contained in the journal may undermine the credibility of victim's testimony and provide impeachment evidence, Petitioner has not met his burden of demonstrating that no reasonable juror could find him guilty. *See Patterson v. Bartlett*, 56 F. App'x 762, 763–64 (9th Cir. 2002) (finding contradictory affidavits attacking credibility of victim did "not present direct evidence of actual innocence"); *Ballinger v. Kirby*, 3 F.3d 1371, 1375 (10th Cir. 1993) ("But more is required to satisfy the actual innocence exception [than simply impeachment evidence], or it would have no greater meaning than the prejudice prong of the cause and prejudice inquiry.").

Petitioner finally argues that the Magistrate Judge was incorrect when he determined Petitioner's plea was knowing and voluntary. (Doc. 22 at 15.) He claims the lack of a sentencing transcript should be newly discovered evidence supporting his innocence. (*Id.*) Petitioner's claims do not show his signed plea agreement was unknowing or involuntary. (*See* Plea Agreement, Doc. 15-1 at 4–9.) Furthermore, the factual basis for the signed plea agreement was obtained from Petitioner's sworn confession and the victim's statements, and as stated previously, his subsequent recantation is not credible. (*Id.* at 12, 14–15.) Nor is his repudiation of the factual basis for the plea newly discovered, reliable evidence of innocence.

## IV. CONCLUSION

Upon *de novo* review of the issues raised in Petitioner's objection to the R&R, the Court agrees with the Magistrate Judge's determinations. Petitioner's § 2254 habeas petition is untimely has not met his burden of establishing actual innocence. Therefore, he is not entitled to relief.

## V. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable persons could not "debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted).

Accordingly, IT IS ORDERED:

1. Magistrate Judge Ferraro's Report and Recommendation is ADOPTED. (Doc. 19.)
2. Jeffery Scott Davis' Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is DENIED. (Doc. 1.)
3. The Clerk of Court shall docket accordingly and close the case file in this matter.

Dated this 2nd day of December, 2022.

_____
Honorable Raner C. Collins
Senior United States District Judge